**Fill in this information to identify the case:**

United States Bankruptcy Court for the:
**Southern District of New York**
_(State)_

Case number _(if known)_: _____    Chapter **11**

☐ Check if this is an amended filing

Official Form 201
# Voluntary Petition for Non-Individuals Filing for Bankruptcy  04/16

If more space is needed, attach a separate sheet to this form. On the top of any additional pages, write the debtor's name and the case number (if known). For more information, a separate document, _Instructions for Bankruptcy Forms for Non-Individuals_, is available.

| | | |
|---|---|---|
| 1. **Debtor's Name** | Cumulus Media Holdings Inc. | |
| 2. **All other names debtor used in the last 8 years** <br> Include any assumed names, trade names, and _doing business as_ names | None. | |
| 3. **Debtor's federal Employer Identification Number** (EIN) | 90-0719565 | |
| 4. **Debtor's address** | **Principal place of business** <br> 3280 Peachtree Road, NW <br> Number   Street <br> Suite 2200 <br> Atlanta, Georgia 30305 <br> City   State   Zip Code <br><br> Fulton County <br> County | **Mailing address, if different from principal place of business** <br> Number   Street <br> P.O. Box <br> City   State   Zip Code <br><br> **Location of principal assets, if different from principal place of business** <br> Number   Street <br><br> City   State   Zip Code |
| 5. **Debtor's website** (URL) | www.cumulus.com | |
| 6. **Type of debtor** | ☒ Corporation (including Limited Liability Company (LLC) and Limited Liability Partnership (LLP)) <br> ☐ Partnership (excluding LLP) <br> ☐ Other. Specify: _____ | |

Official Form 201    Voluntary Petition for Non-Individuals Filing for Bankruptcy    page 1

Debtor  **Cumulus Media Holdings Inc.**    Case number *(if known)*
      Name

**7. Describe debtor's business**

A. *Check One:*

☐ Health Care Business (as defined in 11 U.S.C. § 101(27A))

☐ Single Asset Real Estate (as defined in 11 U.S.C. § 101(51B))

☐ Railroad (as defined in 11 U.S.C. § 101(44))

☐ Stockbroker (as defined in 11 U.S.C. § 101(53A))

☐ Commodity Broker (as defined in 11 U.S.C. § 101(6))

☐ Clearing Bank (as defined in 11 U.S.C. § 781(3))

☒ None of the above

B. *Check all that apply:*

☐ Tax-exempt entity (as described in 26 U.S.C. § 501)

☐ Investment company, including hedge fund or pooled investment vehicle (as defined in 15 U.S.C. § 80a-3)

☐ Investment advisor (as defined in 15 U.S.C. § 80b-2(a)(11))

C. NAICS (North American Industry Classification System) 4-digit code that best describes debtor. See http://www.uscourts.gov/four-digit-national-association-naics-codes .
**5151**

**8. Under which chapter of the Bankruptcy Code is the debtor filing?**

*Check One:*

☐ Chapter 7

☐ Chapter 9

☒ Chapter 11.  *Check all that apply:*

    ☐ Debtor's aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates) are less than $2,566,050 (amount subject to adjustment on 4/01/19 and every 3 years after that).

    ☐ The debtor is a small business debtor as defined in 11 U.S.C. § 101(51D). If the debtor is a small business debtor, attach the most recent balance sheet, statement of operations, cash-flow statement, and federal income tax return, or if all of these documents do not exist, follow the procedure in 11 U.S.C. § 1116(1)(B).

    ☐ A plan is being filed with this petition.

    ☐ Acceptances of the plan were solicited prepetition from one or more classes of creditors, in accordance with 11 U.S.C. § 1126(b).

    ☐ The debtor is required to file periodic reports (for example, 10K and 10Q) with the Securities and Exchange Commission according to § 13 or 15(d) of the Securities Exchange Act of 1934. File the *Attachment to Voluntary Petition for Non-Individuals Filing for Bankruptcy under Chapter 11* (Official Form 201A) with this form.

    ☐ The debtor is a shell company as defined in the Securities Exchange Act of 1934 Rule 12b-2.

☐ Chapter 12

**9. Were prior bankruptcy cases filed by or against the debtor within the last 8 years?**

☒ No
☐ Yes.    District _____ When __MM/DD/YYYY__ Case number _____
       District _____ When __MM/DD/YYYY__ Case number _____

If more than 2 cases, attach a separate list.

**10. Are any bankruptcy cases pending or being filed by a business partner or an affiliate of the debtor?**

☐ No
☒ Yes.    Debtor  **See Rider 1**    Relationship  **Affiliate**
       District  **Southern District of New York**    When  **11/29/2017**
       Case number, if known _____    MM / DD / YYYY

List all cases. If more than 1, attach a separate list.

Debtor  Cumulus Media Holdings Inc.  Case number *(if known)*
        Name

**11. Why is the case filed in *this* district?**

*Check all that apply:*

☐ Debtor has had its domicile, principal place of business, or principal assets in this district for 180 days immediately preceding the date of this petition or for a longer part of such 180 days than in any other district.

☒ A bankruptcy case concerning debtor's affiliate, general partner, or partnership is pending in this district.

**12. Does the debtor own or have possession of any real property or personal property that needs immediate attention?**

☒ No. To the best of the Debtor's knowledge, the Debtor does not own or have possession of any property that presents an imminent or immediate hazard to the health and safety of the general public.

☐ Yes. Answer below for each property that needs immediate attention. Attach additional sheets if needed.

**Why does the property need immediate attention?** (*Check all that apply*.)

☐ It poses or is alleged to pose a threat of imminent and identifiable hazard to public health or safety.

What is the hazard? _____

☐ It needs to be physically secured or protected from the weather.

☐ It includes perishable goods or assets that could quickly deteriorate or lose value without attention (for example, livestock, seasonal goods, meat, dairy, produce, or securities-related assets or other options).

☐ Other _____

**Where is the property?** _____
Number     Street

_____
City                          State     Zip Code

**Is the property insured?**

☐ No

☐ Yes.  Insurance agency _____

Contact name _____

Phone _____

---

### Statistical and administrative information

**13. Debtor's estimation of available funds**

*Check one:*

☒ Funds will be available for distribution to unsecured creditors.
☐ After any administrative expenses are paid, no funds will be available for distribution to unsecured creditors.

**14. Estimated number of creditors**

*Presented on a consolidated basis*

☐ 1-49            ☐ 1,000-5,000       ☒ 25,001-50,000
☐ 50-99           ☐ 5,001-10,000      ☐ 50,001-100,000
☐ 100-199         ☐ 10,001-25,000     ☐ More than 100,000
☐ 200-999

**15. Estimated assets**

*Presented on a consolidated basis*

☐ $0-$50,000              ☐ $1,000,001-$10 million      ☐ $500,000,001-$1 billion
☐ $50,001-$100,000        ☐ $10,000,001-$50 million     ☒ $1,000,000,001-$10 billion
☐ $100,001-$500,000       ☐ $50,000,001-$100 million    ☐ $10,000,000,001-$50 billion
☐ $500,001-$1 million     ☐ $100,000,001-$500 million   ☐ More than $50 billion

Debtor ____Cumulus Media Holdings Inc._____ Case number *(if known)*_____
       Name

| **16. Estimated liabilities** | ☐ $0-$50,000 | ☐ $1,000,001-$10 million | ☐ $500,000,001-$1 billion |
|---|---|---|---|
| | ☐ $50,001-$100,000 | ☐ $10,000,001-$50 million | ☒ $1,000,000,001-$10 billion |
| *Presented on a consolidated basis* | ☐ $100,001-$500,000 | ☐ $50,000,001-$100 million | ☐ $10,000,000,001-$50 billion |
| | ☐ $500,001-$1 million | ☐ $100,000,001-$500 million | ☐ More than $50 billion |

### Request for Relief, Declaration, and Signatures

**WARNING --** Bankruptcy fraud is a serious crime. Making a false statement in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.

**17. Declaration and signature of authorized representative of debtor**

The debtor requests relief in accordance with the chapter of title 11, United States Code, specified in this petition.

I have been authorized to file this petition on behalf of the debtor.

I have examined the information in this petition and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on   **11/29/2017**
                     MM/ DD / YYYY

✗   **/s/ Richard Denning**              **Richard Denning**
    Signature of authorized representative of debtor     Printed name

Title   **Senior Vice President and General Counsel**

**18. Signature of attorney**

✗   **/s/ Paul M. Basta**             Date   **11/29/2017**
    Signature of attorney for debtor                                      MM/ DD/YYYY

**Paul M. Basta**
Printed name

**Paul, Weiss, Rifkind, Wharton & Garrison LLP**
Firm name

**1285 Avenue of the Americas**
Number        Street

**New York**                           **New York**    **10019-6064**
City                                    State      ZIP Code

**(212) 373-3000**                   **pbasta@paulweiss.com**
Contact phone                        Email address

**2568046**                           **New York**
Bar number                             State

| Fill in this information to identify the case: | |
|---|---|
| United States Bankruptcy Court for the : **Southern District of New York** (State) | |
| Case number *(if known)*: _____ Chapter **11** | ☐ Check if this is an amended filing |

# Rider 1
## Pending Bankruptcy Cases Filed by the Debtor and Affiliates of the Debtor

On the date hereof, each of the entities listed below (collectively, the "<u>Debtors</u>") filed a petition in the United States Bankruptcy Court for the Southern District of New York for relief under chapter 11 of title 11 of the United States Code. The Debtors have moved for joint administration of these cases under the case number assigned to the chapter 11 case of Cumulus Media Inc.

- Cumulus Media Inc.
- Atlanta Radio, LLC
- Broadcast Software International
- Catalyst Media, Inc.
- Chicago FM Radio Assets, LLC
- Chicago Radio Assets, LLC
- CMI Receivables Funding LLC
- CMP Susquehanna Corp.
- CMP KC Corp.
- CMP Susquehanna Radio Holdings Corp.
- Consolidated IP Company LLC
- Cumulus Broadcasting LLC
- Cumulus Intermediate Holdings Inc.
- Cumulus Media Holdings Inc.
- Cumulus Network Holdings Inc.
- Cumulus Radio Corporation
- DC Radio Assets, LLC
- Detroit Radio, LLC
- Dial Communications Global Media, LLC
- IncentRev-Radio Half Off, LLC
- IncentRev LLC
- KLIF Broadcasting, Inc.
- KLOS-FM Radio Assets, LLC
- LA Radio, LLC
- Minneapolis Radio Assets, LLC
- NY Radio Assets, LLC
- Radio Assets, LLC
- Radio Metroplex, Inc.
- Radio Networks, LLC
- San Francisco Radio Assets, LLC
- Susquehanna Media Co.
- Susquehanna Pfaltzgraff Co.
- Susquehanna Radio Corp.
- WBAP - KSCS Assets, LLC
- Westwood One, Inc.
- Westwood One Radio Networks, Inc.
- WPLJ Radio, LLC

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re: | Chapter 11 |
| CUMULUS MEDIA HOLDINGS INC., | Case No. 17-[_____] (___) |
| Debtor. | |

## LIST OF EQUITY SECURITY HOLDERS[1]

| Debtor | Equity Holders | Address of Equity Holder | Percentage of Equity Held |
|---|---|---|---|
| Cumulus Media Holdings Inc. | Cumulus Media Inc. | 3280 Peachtree Road, N.W. Suite 2200 Atlanta, Georgia 30305 | 100% |

---

[1] This list serves as the disclosure required to be made by the debtor pursuant to rule 1007 of the Federal Rules of Bankruptcy Procedure. All equity positions listed are as of the date of commencement of the chapter 11 case.

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Chapter 11 |
| CUMULUS MEDIA HOLDINGS INC., | Case No. 17-[_____] (___) |
| Debtor. | |

## CORPORATE OWNERSHIP STATEMENT

Pursuant to rules 1007(a)(1) and 7007.1 of the Federal Rules of Bankruptcy Procedure, the following are corporations, other than a government unit, that directly or indirectly own 10% or more of any class of the debtor's equity interest:

| Shareholder | Approximate Percentage of Shares Held |
|---|---|
| Cumulus Media Inc. | 100% |

Fill in this information to identify the case:
Debtor name  Cumulus Media Inc.
United States Bankruptcy Court for the: Southern District of New York
Case number (If known): _____

☐ Check if this is an amended filing

Official Form 204

# Chapter 11 or Chapter 9 Cases: Consolidated List of Creditors Who Have the 20 Largest Unsecured Claims and Are Not Insiders    12/15

A list of creditors holding the 20 largest unsecured claims must be filed in a Chapter 11 or Chapter 9 case. Include claims which the debtor disputes. Do not include claims by any person or entity who is an insider, as defined in 11 U.S.C. § 101(31). Also, do not include claims by secured creditors, unless the unsecured claim resulting from inadequate collateral value places the creditor among the holders of the 20 largest unsecured claims.

| | Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim | Indicate if claim is contingent, unliquidated, disputed | Amount of unsecured claim — If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|---|
| | | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| 1 | U.S. BANK NATIONAL ASSOCIATION ACCOUNT MANAGER — CUMULUS MEDIA 1349 WEST PEACHTREE STREET SUITE 1050 ATLANTA, GA  30309 | WILLIAM ECHOLS Fax: (404) 898-8844 Email: WILLIAM.ECHOLS@USBANK.COM | 7.75% Senior Notes | | | | $637,314,000 |
| 2 | NIELSEN AUDIO, INC. 9705 PATUXENT WOODS DRIVE COLUMBIA, MD  21046 | SEAN R. CREAMER CEO Phone: (410) 312-8000 Fax: (410) 312-8607 | Trade Debt | | | | $6,653,543 |
| 3 | BROADCASTERS GENERAL STORE INC 2480 SE 52ND STREET OCALA, FL  34480 | KERSTIN KERRY CEO Phone: (352) 622-7700 Fax: (352) 629-7000 | Trade Debt | | | | $967,596 |
| 4 | BROADCAST MUSIC, INC. 10 MUSIC SQUARE EAST NASHVILLE, TN  37203-4399 | MICHAEL O'NEILL PRESIDENT & CEO Phone: (615) 401-2000 Email: NASHVILLE@BMI.COM | Trade Debt | | | | $789,812 |
| 5 | IGT MEDIA HOLDINGS, INC. 21 SE 1ST AVENUE MIAMI, FL  33131 | MARK MECHANIC COO Phone: (305) 573-2800 Fax: (305) 573-2120 | Trade Debt | | | | $286,299 |
| 6 | KESN OPERATING, LTD. 400 E. LAS COLINAS BLVD. STE 1033 IRVING, TX  75039 | JOHN HARE PRESIDENT | Trade Debt | | | | $273,333 |
| 7 | LIVE NATION 9348 CIVIC CENTER DR. BEVERLY HILLS, CA  90210 | MICHAEL RAPINO PRESIDENT, CEO & DIR. Phone: (310) 867-7000 Fax: (302) 636-5454 | Trade Debt | | | | $238,652 |

| | Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim | Indicate if claim is contingent, unliquidated, disputed | Amount of unsecured claim If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|---|
| | | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| 8 | ENTICENT, LLC DBA TRITON DIGITAL  15303 VENTURA BLVD., STE 1500  SHERMAN OAKS, CA  91403 | NEAL SCHORE  CEO  Phone: (514) 448-4037  Email: HELP@TRITONDIGITAL.COM | Trade Debt | | | | $198,255 |
| 9 | OAKLAND RAIDERS  1220 HARBOR BAY PKWY  ALAMEDA, CA  94502 | MARK DAVIS  OWNER  Phone: (510) 864-5000  Email: FEEDBACK@RAIDERS.COM | Trade Debt | | | | $190,000 |
| 10 | CNN, INC.  1 CNN CENTER  ATLANTA, GA  30348 | JEFF ZUCKER  PRESIDENT  Phone: (404) 827-1700 | Trade Debt | | | | $161,057 |
| 11 | MERLIN MEDIA, LLC  222 MERCHANDISE MART PLZ  SUITE 230  CHICAGO, IL  60654 | RANDY MICHAELS  CEO  Phone: (312) 245-1200 | Trade Debt | | | | $144,772 |
| 12 | BAKER INTERACTIVE SERVICES, LLC  2195 N. NORCROSS TUCKER ROAD  NORCROSS, GA  30071 | KEITH HICKS III  MEMBER  Phone: (770) 441-2000  Fax: (770) 449-7719  Email: SALES@BAKERAUDIOVISUAL.COM | Trade Debt | | | | $102,831 |
| 13 | NAVINT PARTNERS, LLC  104 WEST 40TH STREET  4TH FLOOR  NEW YORK, NY  10018 | MR. JIM MARTINDALE  MANAGING PARTNER AND CEO  Phone: (914) 393-3397 | Trade Debt | | | | $87,040 |
| 14 | MICHAEL CRONIN ACOUSTIC CONSTRUCTION LLC  2500 BARTON AVENUE  NASHVILLE, TN  37212 | MICHAEL CRONIN  OWNER  Phone: (615) 473-7778 | Trade Debt | | | | $60,961 |
| 15 | MUSICTOGO LLC  ONE STAMFORD PLACE  263 TRESSER BLVD  9TH FLOOR  STAMFORD, CT  06901 | | Trade Debt | | | | $58,889 |
| 16 | COURTSIDE, LLC  335 N MAPLE DR.  BEVERLY HILLS, CA  90210 | NORMAN PATTIZ  CEO  Phone: (310) 858-0888  Fax: (310) 858-9710 | Trade Debt | | | | $56,090 |
| 17 | ALSTON & BIRD LLP  ONE ATLANTIC CENTER  1201 WEST PEACHTREE STREET  ATLANTA, GA  30309-3424 | BRENDA C. MARTIN  DIRECTOR OF CLIENT FINANCIAL SERVICES  Phone: (404) 881-7000  Fax: (404) 253-8689  Email: BRENDA.MARTIN@ALSTON.COM | Trade Debt | | | | $52,817 |

| | Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim | Indicate if claim is contingent, unliquidated, disputed | Amount of unsecured claim If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|---|
| | | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| 18 | ACT 1 SYSTEMS, INC. 21031 VENTURA BLVD SUITE 1020 WOODLAND HILLS, CA 91364 | ROBERT FITE & ERIC ROSENBERG Phone: (818) 347-6400 Fax: (818) 346-2023 Email: RFITE@ACT1SYSTEMS.COM; ERIC@ACT1SYSTEMS.COM | Trade Debt | | | | $45,728 |
| 19 | GATESAIR, INC. 5300 KINGS ISLAND DR SUITE 101 MASON, OH 45040 | BRUDE SWAIL CEO Phone: (800) 622-0022 Fax: (513) 459-3796 Email: INFORMATION@GATESAIR.COM | Trade Debt | | | | $45,596 |
| 20 | CAITLIN FERRARI, ALYSSA U., MARIA P., AND MELISSA M. ON BEHALF OF THEMSELVES AND ALL OTHERS SIMILARLY SITUATED Index No. 804125/2014  JACLYN S. AND GINA B. Index No. 804088/2014  C/O DOLCE PANEPINTO, P.C. 1260 DELAWARE AVENUE BUFFALO, NEW YORK 14209  C/O THE MARLBOROUGH LAW FIRM, P.C. 445 BROAD HOLLOW ROAD, SUITE 400 MELVILLE, NY 11747  C/O LEVI & KORSINSKY, LLP 30 BROAD STREET, 24TH FLOOR NEW YORK, NY 10004 | ATTN: SEAN E. COONEY, ESQ. Phone: (716) 852-1888   ATTN: CHRISTOPHER MARLBOROUGH, ESQ. Phone: (212) 991-8960   Phone: (212) 363-7500 | Litigation | Contingent, Unliquidated & Disputed | | | Undetermined |

| Fill in this information to identify the case and this filing: | |
|---|---|
| Debtor Name | **Cumulus Media Holdings Inc.** |
| United States Bankruptcy Court for the: | **Southern District of New York** |
| | (State) |
| Case number (If known): | |

# Official Form 202
# Declaration Under Penalty of Perjury for Non-Individual Debtors    12/15

An individual who is authorized to act on behalf of a non-individual debtor, such as a corporation or partnership, must sign and submit this form for the schedules of assets and liabilities, any other document that requires a declaration that is not included in the document, and any amendments of those documents. This form must state the individual's position or relationship to the debtor, the identity of the document, and the date. Bankruptcy Rules 1008 and 9011.

WARNING -- Bankruptcy fraud is a serious crime. Making a false statement, concealing property, or obtaining money or property by fraud in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.

### Declaration and signature

I am the president, another officer, or an authorized agent of the corporation; a member or an authorized agent of the partnership; or another individual serving as a representative of the debtor in this case.

I have examined the information in the documents checked below and I have a reasonable belief that the information is true and correct:

☐ *Schedule A/B: Assets-Real and Personal Property (Official Form 206A/B)*

☐ *Schedule D: Creditors Who Have Claims Secured by Property (Official Form 206D)*

☐ *Schedule E/F: Creditors Who Have Unsecured Claims (Official Form 206E/F)*

☐ *Schedule G: Executory Contracts and Unexpired Leases (Official Form 206G)*

☐ *Schedule H: Codebtors (Official Form 206H)*

☐ *Summary of Assets and Liabilities for Non-Individuals (Official Form 206Sum)*

☐ Amended Schedule

☐ *Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 20 Largest Unsecured Claims and Are Not Insiders (Official Form 204)*

☒ Other document that requires a declaration    **List of Equity Security Holders, Corporate Ownership Statement and List of Creditors Who Have the 20 Largest Unsecured Claims**

I declare under penalty of perjury that the foregoing is true and correct.

Executed on

| **11/29/2017** | ☒ */s/ Richard Denning* |
|---|---|
| MM/ DD/YYYY | Signature of individual signing on behalf of debtor |
| | **Richard Denning** |
| | Printed name |
| | **Senior Vice President and General Counsel** |
| | Position or relationship to debtor |

Official Form 202    **Declaration Under Penalty of Perjury for Non-Individual Debtors**

EXECUTION VERSION

**CONSENT IN LIEU OF A SPECIAL
MEETING OF THE BOARD OF DIRECTORS
CUMULUS MEDIA HOLDINGS INC.**

November 29, 2017

The undersigned, being all of the members of the board of directors of Cumulus Media Holdings Inc., a Delaware corporation (the "Company"), in lieu of holding a special meeting of the board of directors of the Company (the "Board"), hereby take the following actions and adopt the following resolutions by written consent pursuant to Sections 2.1 and 2.13 of the bylaws of the Company (the "By-Laws") and Section 141(f) of the General Corporation Law of the State of Delaware (the "DGCL"):

**CHAPTER 11 FILING**

WHEREAS, the Board considered presentations by the management and the Company's financial and legal advisors regarding the financial situation of the Company, the strategic alternatives available to them, and the effect of the foregoing on the Company's businesses; and

WHEREAS, the Board has had the opportunity to consult with the management and the Company's financial and legal advisors and fully consider each of the strategic alternatives available to the Company.

NOW, THEREFORE, BE IT:

RESOLVED, that in the judgment of the Board, it is desirable and in the best interests of the Company, its creditors, and other parties in interest, that the Company shall be, and hereby is, authorized to file or cause to be filed the voluntary petition for relief (the "Petition") and commence a case ( the "Chapter 11 Case") under the provisions of chapter 11 of title 11 of the United States Code (the "Bankruptcy Code") in the United States Bankruptcy Court for the Southern District of New York (the "Bankruptcy Court"); and

RESOLVED, that any duly appointed officers of the Company (collectively, including, but not limited to, the Chief Executive Officer, the Chief Financial Officer and the General Counsel, the "Authorized Officers"), acting alone or with one or more other Authorized Officers be, and each of them hereby is, authorized, empowered, and directed to execute and file on behalf of the Company (i) to execute and verify the Petition as well as all other ancillary documents, and to cause the Petition to be filed with the Bankruptcy Court, and to make or cause to be made prior to the execution thereof any modifications to the Petition or ancillary

documents and (ii) to execute, verify and file or cause to be filed all of the petitions, schedules, lists, and other motions, objections, replies, applications, papers, or documents, and to take any and all action that they deem necessary or proper to obtain such relief, including, without limitation, any action necessary or proper to maintain the ordinary course operation of the Company's businesses or to assist the Company in the Chapter 11 Case and in carrying out its duties under the provisions of the Bankruptcy Code.

**CASH COLLATERAL**

WHEREAS, the Company will obtain benefits from its use of collateral, including cash collateral, as that term is defined in section 363 of the Bankruptcy Code (the "Cash Collateral"), which is security for certain prepetition secured lenders (collectively, the "Secured Lenders") party to that certain Amended and Restated Credit Agreement, dated as of December 23, 2013, among Cumulus Media Inc. and the Company, as borrower, certain lenders party thereto, JPMorgan Chase Bank, N.A., as administrative agent, and certain guarantors thereto (the "Credit Agreement"), as amended, amended and restated, supplemented, or otherwise modified, refinanced, or replaced from time to time.

NOW, THEREFORE, BE IT:

RESOLVED, that the Authorized Officers be, and hereby are, authorized, empowered and directed in the name of, and on behalf of, the Company to seek authorization to approval of the use of cash collateral pursuant to a postpetition cash collateral order in interim and final form, and any Authorized Officer be, and hereby is, authorized, empowered, and directed to negotiate, execute, and deliver any and all agreements, instruments, or documents, by or on behalf of the Company, necessary to implement the cash collateral, including providing for adequate protection to the Secured Lenders in accordance with section 363 of the Bankruptcy Code, as well as any additional or further agreements for and the use of cash collateral in connection with the Company's Chapter 11 Case, which agreements may require each Subsidiary to grant adequate protection to each Company's Secured Lenders and each other agreement, instrument, or document to be executed and delivered in connection therewith, by or on behalf of the Company pursuant thereto or in connection therewith, all with such changes therein and additions thereto as any Authorized Officer approves, such approval to be conclusively evidenced by the taking of such action or by the execution and delivery thereof.

**RESTRUCTURING SUPPORT AGREEMENT**

WHEREAS, in connection with the Chapter 11 Case, the Company has negotiated a restructuring support agreement in form and substance generally similar to that certain restructuring support agreement attached as **Exhibit A** (the "Restructuring Support Agreement"), by and among the Company, on behalf of itself and each of its direct and indirect subsidiaries, and certain Secured Lenders, among others.

NOW, THEREFORE, BE IT:

RESOLVED, that the Company authorizes and directs the Authorized Officers of the Company to take all actions (including, without limitation, to negotiate and execute any agreements, documents and certificates) necessary to enter into the Restructuring Support Agreement and to consummate the transactions contemplated thereby in connection with the Chapter 11 Case and that each Subsidiary's performance of its obligations under the Restructuring Support Agreement hereby is, in all respects, authorized and approved.

**RETENTION OF PROFESSIONALS**

RESOLVED, that each of the Authorized Officers be, and hereby is, authorized and directed to employ the law firm of Paul, Weiss, Rifkind, Wharton & Garrison LLP, as general bankruptcy counsel, to represent and assist the Company in carrying out its duties under the Bankruptcy Code, and to take any and all actions to advance the Company's rights and obligations, including filing any motions, objections, replies, applications, or pleadings; and in connection therewith, each of the Authorized Officers, with power of delegation, is hereby authorized and directed to execute appropriate retention agreements, pay appropriate retainers, and to cause to be filed an appropriate application for authority to retain the services of Paul, Weiss, Rifkind, Wharton & Garrison LLP;

RESOLVED, that each of the Authorized Officers be, and hereby is, authorized and directed to employ the firm of PJT Partners LP, as investment banker, to represent and assist the Company in carrying out its duties under the Bankruptcy Code, and to take any and all actions to advance the Company's rights and obligations; and in connection therewith, each of the Authorized Officers is, with power of delegation, hereby authorized and directed to execute appropriate retention agreements, pay appropriate retainers, and to cause to be filed an appropriate application for authority to retain the services of PJT Partners LP;

3

RESOLVED, that each of the Authorized Officers be, and hereby is, authorized and directed to employ the firm of Alvarez & Marsal North America, LLC, as restructuring advisor, to represent and assist the Company in carrying out its duties under the Bankruptcy Code, and to take any and all actions to advance each of the Company's rights and obligations; and in connection therewith, each of the Authorized Officers is, with power of delegation, hereby authorized and directed to execute appropriate retention agreements, pay appropriate retainers, and to cause to be filed an appropriate application for authority to retain the services of Alvarez & Marsal North America, LLC;

RESOLVED, that each of the Authorized Officers be, and hereby is, authorized and directed to employ the firm of Epiq Bankruptcy Solutions, LLC as notice, claims, and balloting agent to represent and assist the Company in carrying out its duties under the Bankruptcy Code, and to take any and all actions to advance the Company's rights and obligations; and in connection therewith, each of the Authorized Officers, with power of delegation, is hereby authorized and directed to execute appropriate retention agreements, pay appropriate retainers, and to cause to be filed an appropriate application for authority to retain the services of Epiq Bankruptcy Solutions, LLC;

RESOLVED, that each of the Authorized Officers be, and hereby is, authorized and directed to employ any other professionals to assist the Company in carrying out its duties under the Bankruptcy Code; and in connection therewith, each of the Authorized Officers, with power of delegation, is hereby authorized and directed to execute appropriate retention agreements, pay appropriate retainers, and to cause to be filed an appropriate application for authority to retain the services of any other professionals as necessary; and

RESOLVED, that each of the Authorized Officers be, and hereby is, with power of delegation, authorized, empowered, and directed to execute and file all petitions, schedules, motions, objections, replies, applications, pleadings, lists, and other papers and, in connection therewith, to employ and retain all assistance by legal counsel, accountants, investment bankers, financial advisors, restructuring advisors, and other professionals and to take and perform any and all further acts and deeds that each of the Authorized Officers deem necessary, proper, or desirable in connection with the Company's Chapter 11 case, with a view to the successful prosecution of the case.

4

## REMOVAL AND APPOINTMENT OF OFFICERS

RESOLVED, that, effective immediately, any and all persons serving as officers of the Company be, and hereby are, removed without cause; and

RESOLVED, that, effective immediately following the removal of any and all persons serving as officers of the Company, the following individuals be, and each of them hereby is, appointed to serve in the office set forth opposite such person's name, to serve until his or her successor is duly elected and qualified or until his or her earlier death, resignation or removal:

| Name | Title |
|---|---|
| Mary G. Berner | President and Chief Executive Officer |
| John Abbott | Executive Vice President, Treasurer and Chief Financial Officer |
| Richard S. Denning | Senior Vice President, Secretary & General Counsel |

RESOLVED, that such officers shall exercise such powers, perform such duties and assume such responsibilities as determined from time to time by the Board, and that the powers, duties and responsibilities of the officers granted hereby shall be in addition to and shall not diminish any powers, duties and responsibilities granted to any such officer pursuant to the organizational documents of the Company.

## GENERAL

RESOLVED, that in addition to the specific authorizations heretofore conferred upon the Authorized Officers, each of the Authorized Officers (and their designees and delegates) be, and hereby is, authorized and empowered, in the name of and on behalf of the Company, to (a) take such further actions and execute and deliver such certificates, instruments, guaranties, notices and documents as may be required or as such officer may deem necessary, advisable or proper to carry out the intent and purpose of the foregoing resolutions, including the execution and delivery of any security agreements, pledges, financing statements and the like, (b) perform the obligations of the Company under the Bankruptcy Code, with all such actions to be performed in such manner, and all such certificates, instruments, guaranties, notices and documents to be executed and delivered in such form, as the officer performing or executing the same shall approve, and the performance or execution thereof by such officer shall be conclusive evidence of the approval

5

thereof by such officer and by the Company and (c) pay fees and expenses in connection with the transactions contemplated by the foregoing resolutions;

RESOLVED, that the Board has received sufficient notice of the actions and transactions relating to the matters contemplated by the foregoing resolutions, as may be required by the organizational documents of the Company, or hereby waives any right to have received such notice;

RESOLVED, that all acts, actions, and transactions relating to the matters contemplated by the foregoing resolutions done in the name of and on behalf of the Company, which acts would have been approved by the foregoing resolutions except that such acts were taken before the adoption of these resolutions, are hereby in all respects approved and ratified as the true acts and deeds of the Company with the same force and effect as if each such act, transaction, agreement, or certificate has been specifically authorized in advance by resolution of the Board;

RESOLVED, that each of the Authorized Officers (and their designees and delegates) be, and hereby is, authorized and empowered to take all actions or to not take any action in the name of the Company with respect to the transactions contemplated by these resolutions hereunder as the sole shareholder, partner, member, managing member, or manager of each direct subsidiary of the Company, in each case, as such Authorized Officer shall deem necessary or desirable in such Authorized Officers' reasonable business judgment as may be necessary or convenient to effectuate the purposes of the transactions contemplated herein;

RESOLVED, that in connection with the transactions contemplated by the preceding resolutions, each Authorized Officer be, and each of them individually hereby is, authorized, in the name and on behalf of the Company, to certify these resolutions and any more formal or detailed resolutions as such officer may deem necessary, appropriate or desirable to effectuate the intent of the foregoing resolutions; and that thereupon such resolutions shall be deemed adopted as and for the resolutions of the Board as if set forth at length herein;

FURTHER RESOLVED, that this consent may be executed in any number of counterparts, each of which shall be deemed to be an original, and such counterparts shall constitute but one and the same consent;

6

FURTHER RESOLVED, that facsimile or photostatic copies of signatures to this consent shall be deemed to be originals and may be relied on to the same extent as the originals; and

FURTHER RESOLVED, that the actions taken by this written consent shall have the same force and effect as if taken at a special meeting of the Board duly called and constituted pursuant to the By-Laws and the laws of the State of Delaware.

\*        \*        \*        \*        \*

IN WITNESS WHEREOF, the undersigned has executed this Consent as of the date above first written.

_____
Mary G. Berner

*Signature Page to Cumulus Media Holdings Inc. Written Consent*