**HEARING DATE AND TIME: June 29, 2018, at 10:00 a.m. (prevailing Eastern Time)**
**OBJECTION DEADLINE: June 28, 2018, at 4:00 p.m. (prevailing Eastern Time)**

PAUL, WEISS, RIFKIND, WHARTON &
GARRISON LLP
1285 Avenue of the Americas
New York, New York 10019
Tel: 212-373-3000
Fax: 212-757-3990
Paul M. Basta
Lewis R. Clayton
Jacob A. Adlerstein
Claudia R. Tobler

*Counsel for the Reorganized Debtors*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

-----------------------------------------------------------------x
| | | |
|---|---|---|
| **In re:** | : | **Chapter 11** |
| | : | |
| **CUMULUS MEDIA INC.,** *et al.*, | : | **Case No. 17-13381 (SCC)** |
| | : | |
| **Reorganized Debtors.**[1] | : | **(Jointly Administered)** |
| | : | |

-----------------------------------------------------------------x

### REORGANIZED DEBTORS' MOTION FOR ENTRY OF AN ORDER (I) CHANGING THE CASE CAPTION OF THE LEAD CASE; (II) CONSOLIDATING THE ADMINISTRATION OF THE REMAINING MATTERS AT THE LEAD CASE; (III) ENTERING A FINAL DECREE CLOSING THE SUBSIDIARY CASES; AND (IV) GRANTING RELATED RELIEF

Cumulus Media Inc. (n/k/a CM Wind Down Topco Inc.) and its affiliates in the above-

captioned chapter 11 cases (collectively, the "Debtors" and, as reorganized on and after June 4,

2018, the "Reorganized Debtors"), hereby submit this motion (the "Motion"), pursuant to

---

[1]  The last four digits of Cumulus Media Inc.'s (n/k/a CM Wind Down Topco Inc.) tax identification number are 9663.  Due to the large number of Reorganized Debtors in these Chapter 11 cases, for which the Reorganized Debtors have been granted joint administration, a complete list of the Reorganized Debtors and the last four digits of their federal tax identification numbers is not provided herein.  A complete list of such information may be obtained on the website of the Voting and Claims Agent at http://dm.epiq11.com/cumulus.  The location of the Reorganized Debtors' service address is: 3280 Peachtree Road, N.W., Suite 2200, Atlanta, Georgia 30305.

sections 105(a) and 350(a) of title 11 of the United States Code (the "Bankruptcy Code"), Rule 3022 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Rule 3022-1 of the Local Bankruptcy Rules for the Southern District of New York (the "Local Rules"), for entry of an order, substantially in the form attached hereto as Exhibit A (the "Proposed Order"): (i) changing the case caption of the Lead Case (as defined below) to CM Wind Down Topco Inc.; (ii) consolidating the administration of Outstanding Claims (as defined below) and other Remaining Matters (as defined below) at the Lead Case; (iii) entering a final decree closing the Subsidiary Cases (as defined below); and (iv) granting related relief.   In further support of this Motion, the Reorganized Debtors respectfully state as follows:

## JURISDICTION AND VENUE

1.      The United States Bankruptcy Court for the Southern District of New York (the "Court") has jurisdiction over this Motion pursuant to 28 U.S.C. §§ 157 and 1334 and the *Standing Order of Reference M-431*, dated January 31, 2012 (Preska, C.J.) from the United States District Court for the Southern District of New York.  The Reorganized Debtors confirm their consent, pursuant to Bankruptcy Rule 7008, to the entry of a final order by the Court in connection with this Motion to the extent that it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution.

2.      Venue is proper pursuant to 28 U.S.C. §§1408 and 1409.  This matter is a core proceeding pursuant to 28 U.S.C. § 157(b).

3.      The statutory bases for the relief requested herein are sections 105(a) and 350(a) of the Bankruptcy Code, Bankruptcy Rule 3022 and Local Rule 3022-1.

## BACKGROUND

4.        On November 29, 2017, each of the Debtors filed voluntary petitions for relief under chapter 11 of the Bankruptcy Code (the "Chapter 11 Cases").

5.        On May 10, 2018, the Court entered its *Findings of Fact, Conclusions of Law, and Order Confirming the Debtors' First Amended Joint Chapter 11 Plan of Reorganization* [ECF No. 769] (the "Confirmation Order") confirming the *First Amended Joint Plan of Reorganization of Cumulus Media Inc. and its Debtor Affiliates Pursuant to Chapter 11 of the Bankruptcy Code* [ECF No. 446] (the "Plan").[2]

6.        On June 4, 2018, the Effective Date under the Plan occurred, the Plan was substantially consummated, and the Debtors emerged from chapter 11.  *See Notice of (I) Entry of Order Confirming the Debtors' First Amended Joint Chapter 11 Plan of Reorganization, (II) Occurrence of Effective Date, and (III) Certain Bar Dates* [ECF No. 821].

## RELIEF REQUESTED

7.        By this Motion, the Reorganized Debtors seek authority to implement certain changes to conform the Chapter 11 Cases with the Reorganized Debtors' post-emergence corporate structure and other Effective Date and post-Effective Date transactions consummated under the Plan.   Specifically, the Reorganized Debtors request authority to change the case caption of the Lead Case to reflect the new corporate name of the Lead Debtor (as defined below) resulting from the corporate transactions authorized under the Plan.   The Reorganized Debtors also request authority to consolidate the administration of all Outstanding Claims and other Remaining Matters at the Lead Debtor in the Lead Case, appoint CM Emergence Newco Inc. (n/k/a Cumulus Media Inc.) as the Disbursing Agent for the administration of such Claims

---

[2]    Capitalized terms used but not otherwise defined herein have the meaning ascribed to them in the Plan.

and other matters, and enter a final decree closing the Chapter 11 Cases of the Subsidiary
Debtors.

### A.    The Restructuring Transactions Authorized by the Plan

8.    In connection with emergence, the Reorganized Debtors implemented the
Restructuring Transactions authorized by Article IV.F of the Plan and as set forth in, among
other things, the Description of Transaction Steps.  The Restructuring Transactions included,
among other things, "all transactions necessary to provide for the purchase of substantially all of
the assets of, or Interests in, any of the Debtors by Reorganized Cumulus or one or more Entities
… wholly-owned by Reorganized Cumulus."  Accordingly, at emergence from chapter 11, each
of Cumulus Media Inc. (n/k/a CM Wind Down Topco Inc.) and Cumulus Media Holdings Inc.
transferred substantially all of their assets to Cumulus Media New Holdings Inc. (f/k/a CM
Emergence Holdings Inc.), an entity formed on April 9, 2018 by a duly authorized representative
of holders of the Credit Agreement Claims in accordance with the Plan (such transfers, the
"Asset Transfers") pursuant to an Equity and Asset Transfer Agreement, dated as of the
Effective Date (the "Transfer Agreement").

9.    After the Asset Transfers were consummated pursuant to the Transfer Agreement
and in accordance with the Plan, the following occurred on the Effective Date in the following
order: (a) Reorganized Debtor Cumulus Media Inc. changed its name to CM Wind Down Topco
Inc. by the filing of its Fourth Amended and Restated Certificate of Incorporation with the
Secretary of State of the State of Delaware, and (b) CM Emergence Newco Inc., an entity formed
in accordance with the Plan, changed its name to Cumulus Media Inc. by the filing of its
Amended and Restated Certificate of Incorporation with the Secretary of State of the State of

4

Delaware.  Reorganized Debtor Cumulus Media Holdings Inc. retained its name and remains as the only subsidiary of CM Wind Down Topco Inc. (f/k/a Cumulus Media Inc.).

**B.      Changing the Caption of the Lead Case to CM Wind Down Topco Inc.**

10.      On December 1, 2017, this Court entered the *Order Directing Joint Administration of Related Chapter 11 Cases* [ECF No. 40] (the "Joint Administration Order") pursuant to which the above-captioned Chapter 11 Cases (a) were consolidated for procedural purposes only and (b) are being jointly administered under the lead case of Cumulus Media Inc. (n/k/a CM Wind Down Topco Inc.) Case No. 17-13381 (SCC) (the "Lead Case," and CM Wind Down Topco Inc., the "Lead Debtor").  As noted above, Cumulus Media Inc.'s corporate name is now CM Wind Down Topco Inc.  Accordingly, the Reorganized Debtors request that the caption for the Lead Case be changed as follows to reflect this name change:

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-----------------------------------------------------------------x
| | | |
|---|---|---|
| **In re:** | : | **Chapter 11** |
| | : | |
| **CM WIND DOWN TOPCO INC.** | : | |
| | : | **Case No. 17-13381 (SCC)** |
| **Reorganized Debtor.**[1] | : | |
| | : | |

-----------------------------------------------------------------x

FN1:  The last four digits of the Reorganized Debtor's tax identification number is 9663.  The location of the Reorganized Debtor's service address is: 3280 Peachtree Road, N.W., Suite 2200, Atlanta, Georgia 30305.

11.      The Reorganized Debtors also request that the Court authorize the Clerk of the United States Bankruptcy Court for the Southern District of New York (the "Clerk") and other relevant parties to take whatever actions are necessary to update the ECF filing system and their respective records to reflect the above name change, including the insertion of a docket entry in Cumulus Media Inc.'s Chapter 11 Case as follows:

"An order has been entered in this case directing that the caption of this case be changed in accordance with the corporate name change of Cumulus Media Inc. to CM Wind Down Topco Inc."

12.     Other than the change of the Lead Case to reflect the new name, the other relief granted in the Joint Administration Order is unaffected.  Among other things, the Clerk should continue to maintain the same single consolidated docket, one file, and one consolidated service list for the Chapter 11 Cases.

### C.     Consolidating the Administration of Outstanding Claims at the Lead Case and with the Lead Debtor

13.     The Plan was substantially consummated on the Effective Date.  Specifically, the Reorganized Debtors have distributed, or caused to be distributed, substantially all of the New Securities that are distributable to Holders of Allowed Claims under the Plan, entered into the First Lien Exit Facility, and effectuated the Restructuring Transactions authorized under the Plan.  As a result, there are very few items left to administer in connection with the Chapter 11 Cases.  These limited items include, most notably (a) the reconciliation, allowance and distribution on account of Allowed Convenience Claims (which will be entitled to receive, in the aggregate, up to $2.5 million in Cash); (b) the reconciliation of General Unsecured Claims, and the allowance and distribution on account of Allowed General Unsecured Claims, which will receive, in the aggregate, less than 0.4% of the aggregate amount of New Securities that are distributable under the Plan and which will be distributed from the Unsecured Creditor Disputed Claim Reserve (as defined in the Confirmation Order) and allocated among such Holders in accordance with paragraph 74 of the Confirmation Order; (c) addressing the final fee applications of the retained Professionals (the "Fee Applications"); and (d) certain other miscellaneous administrative tasks associated with the Chapter 11 Cases.

14.     Accordingly, for the sake of administrative convenience and efficiency, the Reorganized Debtors request authority to have all Claims (including Administrative Claims and Priority Tax Claims) that have been Filed against the Debtors (the "Outstanding Claims"), Fee Applications and any other miscellaneous motions, applications, pleadings, or other matters or proceedings that may arise from time to time in respect of the Chapter 11 Cases (collectively, the "Remaining Matters") consolidated and transferred to the Lead Case for administration and, with respect to Outstanding Claims, transferred to the Lead Case for final distribution.  Thereafter, in accordance with the Plan, the Reorganized Debtors will appoint CM Emergence Newco Inc. (n/k/a Cumulus Media Inc.) as the Disbursing Agent under the Plan.  Consolidating the administration of the Remaining Matters at the Lead Case will enable the Reorganized Debtors to close the Chapter 11 Cases of the Subsidiary Debtors, thereby increasing administrative efficiency, reducing administrative costs and burden, and providing the Reorganized Debtors with the full benefit of a "fresh start" upon emergence.

15.     This relief will not affect the Holders of the Outstanding Claims.  Pursuant to the Plan and the Confirmation Order, Holders of Allowed General Unsecured Claims and Allowed Convenience Claims each share in separate consolidated sources of distributions under the Plan and the amount of such distributions does not depend on the Debtor against which the Claim is asserted.  Similarly, the Plan and Confirmation Order provide that Holders of Allowed Administrative Claims and Holders of Allowed Priority Tax Claims shall be paid in full regardless of which Debtor the Claim is asserted against.  Accordingly, no Holder of an Outstanding Claim will be prejudiced by the administrative transfer of such Claims to the Lead Case.

7

16.    The Reorganized Debtors expect only minimal activities will occur in these Chapter 11 Cases going forward, and very few, if any, activities relating specifically to the Subsidiary Debtors.    The Reorganized Debtors have approximately 475 disputed General Unsecured Claims that they are in process of reviewing and that may be subject to potential objections.    Additionally, the Fee Applications remain outstanding, and a hearing on final Fee Applications will take place in August 2018.    Finally, although the Reorganized Debtors do not anticipate any further contested matters in these Chapter 11 Cases, it is possible that miscellaneous motions, applications, pleadings, or other matters or proceedings may arise from time to time in respect of the Chapter 11 Cases.    The Remaining Matters can be addressed in the Lead Case and at the Lead Debtor.    Consistent with the Joint Administration Order, any bar dates or other deadlines applicable to each Debtor Estate will be transferred and applicable to the Lead Debtor in the Lead Case.     As a result, creditors and other stakeholders are unaffected by consolidating the Remaining Matters, and administration of the Outstanding Claims, as requested herein.

**D.    Entry of Final Decrees Closing the Subsidiary Debtor Cases**

17.    Finally, subject to the grant of relief requested herein, pursuant to section 350(a) of the Bankruptcy Code, Bankruptcy Rule 3022, and Local Rule 3022-1, the Reorganized Debtors seek a final decree closing all other pending Chapter 11 Cases identified on Schedule 1 to the Proposed Order (collectively, the "Subsidiary Cases," and the related Debtors, the "Subsidiary Debtors"), so that only the Chapter 11 Case of the Lead Debtor (*i.e.*, CM Wind Down Topco Inc., f/k/a Cumulus Media Inc.) remains open.    As noted above, other than the Remaining Matters which can be administered and resolved at the Lead Debtor in the Lead Case,

the Subsidiary Cases are fully administered within the meaning of the applicable rules and statute, and can be closed.

## **Basis for Relief Requested**

18.     Section 105(a) of the Bankruptcy Code provides a bankruptcy court with broad powers in the administration of a case under title 11.  Section 105(a) of the Bankruptcy Code provides that "[t]he court may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title" and further that "no provision of this title shall be construed to preclude the court from . . . taking any action or making any determination necessary or appropriate to enforce or implement court orders or rules."  11 U.S.C. § 105(a). *See, e.g.*, *Law v. Siegel*, 134 S. Ct. 1188 (2014); *Adelphia Bus. Solutions, Inc. v. Abnos*, 482 F.3d 602, 609 (2d Cir. 2007) (recognizing a bankruptcy court's broad discretion pursuant to section 105(a) to do what is necessary to meet the circumstances of a case).

19.     This provision authorizes the Court to consolidate the administration of the Remaining Matters at the Lead Debtor and in the Lead Case.  Resolving these matters in this manner effectuates the Plan and reflects the practical effects of the Restructuring Transactions and the Debtors' emergence from Chapter 11.  Moreover, no creditors or stakeholders will be adversely affected because all of their rights and Claims will be preserved at the Lead Debtor in the Lead Case, including any bar dates or other applicable deadlines.  Finally, with respect to the change of caption of the Lead Case, Bankruptcy Rule 1005 and Local Rule 9004-2 detail the information required to be contained in the caption of all bankruptcy court filings, which information includes the names of the debtor(s).  The change of the caption in the Lead Case to reflect the actual corporate post-emergence name of the Lead Debtor complies with these requirements.

20.    Once the Remaining Matters are consolidated in the Lead Case as discussed above, the Reorganized Debtors seek entry of a final decree closing each of the Subsidiary Cases.    Section 350(a) of the Bankruptcy Code provides that "[a]fter an estate is fully administered and the court has discharged the trustee, the court shall close the case." 11 U.S.C. § 350(a).  Bankruptcy Rule 3022, which implements section 350 of the Bankruptcy Code, further provides that "[a]fter an estate is fully administered in a chapter 11 reorganization case, the court, on its own motion or on motion of a party in interest, shall enter a final decree closing the case."  Fed. R. Bankr. P. 3022.

21.    Although neither the Bankruptcy Court not the Bankruptcy Rules define "fully administered," the Advisory Committee Note to Bankruptcy Rule 3022 sets forth the following non-exclusive factors to be considered in determining whether a case has been fully administered:

a.    whether the order confirming the plan has become final;

b.    whether deposits required by the plan have been distributed;

c.    whether the property proposed by the plan to be transferred has been transferred;

d.    whether the debtor [or its successor] has assumed the business or management of the property dealt with by the plan;

e.    whether payments under the plan have commenced; and

f.    whether all motions, contested matters, and adversary proceedings have been finally resolved.

1991 Advisory Comm. Note to Fed. R. Bankr. P. 3022 (the "Advisory Committee Note").

22.    Courts have adopted the view that "these factors are but a guide in determining whether a case has been fully administered, and not all factors need to be present before the case is closed."  *In re SLI, Inc.*, No. 02-12608 (WS), 2005 WL 1668396, at *2 (Bankr. D. Del. June

24, 2005) (citing *In re Mold Makers, Inc.*, 124 B.R. 766, 768–69 (Bankr. N.D. Ill. 1990)); *see also In re AOG Entertainment, Inc.*, 569 B.R. 563, 585 (Bankr. S.D.N.Y. 2017); *In re Aquatic Dev. Group, Inc.*, 352 F.3d 671, 676 (2d Cir. 2003); *In re Kliegl Bros. Universal Elec. Stage Lighting Co., Inc.*, 238 B.R. 531, 542 (Bankr. E.D.N.Y. 1999) (noting that the factors are non-exclusive and are "plainly an aid or checklist that serves to insure that there is no unfinished business before the Court or in the case").

23.    In addition to the factors set forth in the Advisory Committee Note, in determining whether to issue a final decree, courts have considered whether the plan of reorganization has been substantially consummated. *In re Johnson*, 402 B.R. 851, 856 (Bankr. N.D. Ind. 2009) (considering substantial consummation as a factor in determining whether to close a case); *In re Gates Cmty. Chapel of Rochester, Inc.*, 212 B.R. 220, 224 (Bankr. W.D.N.Y. 1997) (same).

24.    The Subsidiary Cases have been "fully administered" within the meaning of section 350 of the Bankruptcy Code. The Plan has been substantially consummated within the meaning of section 1101(2) of the Bankruptcy Code, making it appropriate for the Court to enter a final decree closing the Subsidiary Cases. Among other things: (a) the Confirmation Order has become final and non-appealable; (b) the Debtors have emerged from chapter 11 as reorganized entities; (c) all property proposed to be transferred under the Plan has been transferred; (d) on and after the Effective Date, the Reorganized Debtors assumed the business and management of the property dealt with by the Plan; (e) but for any distributions, payments or disbursements to be made on account of the Remaining Matters, the distributions and disbursements required by the Plan have been substantially completed; (f) no payments will need to be made by the Subsidiary Debtors on account of Allowed Claims in their cases because all

11

such payments will be made by the Disbursing Agent in the Lead Case, or alternatively, by the Reorganized Debtors as permitted under the Plan; and (g) there are no open adversary proceedings or contested matters pending before the Court in the Subsidiary Cases.

25.     Closing the Subsidiary Cases will benefit the estates and the Court by reducing the costs and burdens attendant to administering and keeping open the Subsidiary Debtors' Cases.  Pursuant to section 350(b) of the Bankruptcy Code, the Court retains jurisdiction to reopen any of the Subsidiary Cases for further administration in the unlikely event that the need to do so arises.  The relief sought herein will not prejudice any other party in interest.

26.     In addition, to the extent not already paid, the Disbursing Agent on behalf of the Lead Debtor will pay all required United States Trustee fees with respect to the Subsidiary Cases as soon as practicable after the date of entry of the Proposed Order.  Pursuant to Local Rule 3022-1, a closing report concerning the Subsidiary Cases is attached hereto as Exhibit B.

## NOTICE

27.     Notice of this Motion will be provided to the Core Parties as defined and set forth in the *Order Pursuant to 11 U.S.C. §105(a) and Fed. R. Bankr. P. 1015(c), 2002(m), and 9007 Implementing Certain Notice and Case Management Procedures* [ECF No. 73].   The Reorganized Debtors submit that, in view of the facts and circumstances, such notice is sufficient and no other or further notice need be provided.

## NO PRIOR REQUEST

28.     No prior request for the relief sought herein has been made to this or any other court.

*[Remainder of Page Intentionally Left Blank]*

## **CONCLUSION**

WHEREFORE, for the reasons set forth herein, the Reorganized Debtors respectfully

request that the Court (a) grant the Motion and enter the Proposed Order and (b) grant such other

and further relief as may be just and proper.

Dated: June 25, 2018
New York, New York

PAUL, WEISS, RIFKIND, WHARTON
& GARRISON LLP

*/s/ Paul M. Basta*
Paul M. Basta
Lewis R. Clayton
Jacob A. Adlerstein
Claudia R. Tobler

1285 Avenue of the Americas
New York, New York  10019
Telephone:  (212) 373-3000
Facsimile:  (212) 757-3990
pbasta@paulweiss.com
lclayton@paulweiss.com
jadlerstein@paulweiss.com
ctobler@paulweiss.com

*Counsel for the Reorganized Debtors*

**<u>Exhibit A</u>**

**Proposed Order**

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------------------x
In re:                                              :        Chapter 11
                                                    :
CUMULUS MEDIA INC., *et al.*,                       :        Case No. 17-13381 (SCC)
                                                    :
       Reorganized Debtors.[1]                      :        (Jointly Administered)
                                                    :
                                                    :
--------------------------------------------------------------------x


### ORDER (I) CHANGING THE CASE CAPTION OF THE LEAD CASE; (II) CONSOLIDATING THE ADMINISTRATION OF THE REMAINING MATTERS AT THE LEAD CASE; (III) ENTERING A FINAL DECREE CLOSING THE SUBSIDIARY CASES; AND (IV) GRANTING RELATED RELIEF

Upon the motion (the "Motion")[2] of Cumulus Media Inc. (n/k/a CM Wind Down Topco

Inc.) and its affiliates in the above-captioned chapter 11 cases (collectively, the "Debtors" and, as

reorganized on and after June 4, 2018, the "Reorganized Debtors") for entry of an order (this

"Order"), pursuant to sections 105(a) and 350(a) of title 11 of the United States Code (the

"Bankruptcy Code"), Rule 3022 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy

Rules"), and Rule 3022-1 of the Local Bankruptcy Rules for the Southern District of New York

(the "Local Rules"), authorizing (i) changing the case caption of the Lead Case to CM Wind

Down Topco Inc.; (ii) consolidating the administration of the Outstanding Claims and other

Remaining Matters at the Lead Debtor in the Lead Case; (iii) entering a final decree closing the

Subsidiary Cases; and (iv) granting related relief, all as more fully set forth in the Motion; and

---

[1]    The last four digits of Cumulus Media Inc.'s (n/k/a CM Wind Down Topco Inc.) tax identification number are 9663. Due to the large number of Reorganized Debtors in these Chapter 11 cases, for which the Reorganized Debtors have been granted joint administration, a complete list of the Reorganized Debtors and the last four digits of their federal tax identification numbers is not provided herein. A complete list of such information may be obtained on the website of the Voting and Claims Agent at http://dm.epiq11.com/cumulus. The location of the Reorganized Debtors' service address is: 3280 Peachtree Road, N.W., Suite 2200, Atlanta, Georgia 30305.

[2]    Capitalized terms used but not otherwise defined herein have the meanings ascribed to them in the Motion.

this Court having jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Standing Order of Reference from the United States District Court for the Southern District of New York*, dated January 31, 2012; and this Court having found that it may enter a final order consistent with Article III of the United States Constitution; and this Court having found that the venue of this proceeding and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and consideration of the Motion and the requested relief being a core proceeding pursuant to 28 U.S.C. § 157(b); and this Court having found that the notice of the Motion and opportunity for a hearing thereon were appropriate under the circumstances and no other notice need be provided; and this Court having reviewed the Motion; and this Court having determined that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and upon all of the proceedings had before this Court; and after due deliberation and sufficient cause appearing therefor, it is HEREBY ORDERED THAT:

1.     The Motion is granted as set forth herein.

2.     Upon entry of this Order, the caption for the Lead Case shall be changed as follows:

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-----------------------------------------------------------------x
**In re:**                                            :          **Chapter 11**
                                                     :
**CM WIND DOWN TOPCO INC.**        :
                                                       :          **Case No. 17-13381 (SCC)**
                                                       :
                        **Reorganized Debtor.**[1]     :
                                                         :
-----------------------------------------------------------------x

FN 1: The last four digits of the Reorganized Debtor's tax identification number is 9663. The location of the Reorganized Debtor's service address is: 3280 Peachtree Road, N.W., Suite 2200, Atlanta, Georgia 30305.

3.      The Clerk and other relevant parties are authorized and shall take the actions necessary to update the ECF filing system and their respective records to reflect Cumulus Media Inc.'s corporate name change to CM Wind Down Topco Inc., including the insertion of a docket entry in Cumulus Media Inc.'s Chapter 11 Case as follows:

> "An order has been entered in this case directing that the caption of this case be changed in accordance with the corporate name change of Cumulus Media Inc. to CM Wind Down Topco Inc."

4.      The Remaining Matters, including the Outstanding Claims, shall be consolidated and transferred to the Lead Case for administration and resolution by the Lead Debtor, including the making or directing of any and all remaining distributions or payments on account of such Remaining Matters.  The Reorganized Debtors are authorized to appoint CM Emergence Newco Inc. (n/k/a Cumulus Media Inc.) or any of its subsidiaries as the Disbursing Agent for purposes of effecting distributions and payments on account of the Remaining Matters and other matters in the Lead Case or on behalf of the Lead Debtor.  All bar dates and other deadlines applicable in the Chapter 11 Cases to the Remaining Matters shall continue to apply to the Remaining Matters as if the Remaining Matters had not been consolidated at the Lead Debtor or in the Lead Case and are unaffected by this Order.

5.      Pursuant to section 350(a) of the Bankruptcy Code, Bankruptcy Rule 3022, and Local Rule 3022-1, the Chapter 11 Cases listed on <u>Schedule 1</u> attached hereto (the "<u>Subsidiary Cases</u>") are hereby closed effective as of the date of entry of this Order.

6.      The Court retains jurisdiction as provided in the Plan, and the entry of the final decrees as provided herein is without prejudice to the rights of any party in interest to seek to reopen the Subsidiary Cases for cause shown.

7.      Upon entry of this Order, the Lead Case shall be the only Chapter 11 Case open for the remaining administration, distribution and Claims reconciliation purposes, and the other Remaining Matters, under the Plan.

8.      To the extent not already paid, the fees required to be paid to the United States Trustee pursuant to 28 U.S.C. § 1930(a) with respect to the Subsidiary Cases shall be paid by the Disbursing Agent on behalf of the Lead Debtor as soon as reasonably practicable after the date of entry of this Order.  The Reorganized Debtors shall not be obligated to pay any fees to the United States Trustee with respect to the Subsidiary Cases for any period after July 1, 2018.

9.      The Clerk shall enter this Order individually on each of the dockets of the Subsidiary Cases and thereafter such dockets shall be marked as "Closed".

10.     The terms and conditions of this Order will be immediately effective and enforceable upon its entry.

11.     The Reorganized Debtors are authorized to take all actions necessary to carry out the relief granted in this Order in accordance with the Motion.

12.     This Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Order.

New York, New York
Dated: _____, 2018

_____
THE HONORABLE SHELLEY C. CHAPMAN
UNITED STATES BANKRUPTCY JUDGE

**<u>Schedule 1</u>**

**Subsidiary Cases**

| Debtor | Case Number |
|---|---|
| NY Radio Assets, LLC | 17-13379 |
| Westwood One, Inc. | 17-13380 |
| Cumulus Media Holdings Inc. | 17-13382 |
| Cumulus Intermediate Holdings Inc. | 17-13383 |
| Cumulus Broadcasting LLC | 17-13384 |
| Consolidated IP Company LLC | 17-13385 |
| CMP Susquehanna Radio Holdings Corp. | 17-13386 |
| CMP KC Corp. | 17-13387 |
| CMP Susquehanna Corp. | 17-13388 |
| Chicago Radio Assets, LLC | 17-13389 |
| Atlanta Radio, LLC | 17-13390 |
| Chicago FM Radio Assets, LLC | 17-13391 |
| Broadcast Software International | 17-13392 |
| Catalyst Media, Inc. | 17-13393 |
| CMI Receivables Funding LLC | 17-13394 |
| Cumulus Network Holdings Inc. | 17-13395 |
| Cumulus Radio Corporation | 17-13396 |
| DC Radio Assets, LLC | 17-13397 |
| Detroit Radio, LLC | 17-13398 |
| Dial Communications Global Media, LLC | 17-13399 |
| IncentRev-Radio Half Off, LLC | 17-13400 |
| IncentRev LLC | 17-13401 |
| KLIF Broadcasting, Inc. | 17-13402 |
| KLOS-FM Radio Assets, LLC | 17-13403 |
| LA Radio, LLC | 17-13404 |
| Minneapolis Radio Assets, LLC | 17-13405 |
| Radio Assets, LLC | 17-13406 |
| Radio Metroplex, Inc. | 17-13407 |
| Radio Networks, LLC | 17-13408 |
| San Francisco Radio Assets, LLC | 17-13409 |
| Susquehanna Media Co. | 17-13410 |
| Susquehanna Pfaltzgraff Co. | 17-13411 |
| Susquehanna Radio Corp. | 17-13412 |
| WBAP - KSCS Assets, LLC | 17-13413 |
| Westwood One Radio Networks, Inc. | 17-13414 |
| WPLJ Radio, LLC | 17-13415 |

**<u>Exhibit B</u>**

**Closing Report**

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------x
In re:                                            :          Chapter 11
                                                  :
CUMULUS MEDIA INC., *et al.*,                     :          Case No. 17-13381 (SCC)
                                                  :
              Reorganized Debtors.[1]             :          (Jointly Administered)
                                                  :
                                                  :
-------------------------------------------------------------------x

## CLOSING REPORT FOR SUBSIDIARY DEBTORS
## PURSUANT TO LOCAL BANKRUPTCY RULE 3022-1

To the best of my knowledge and belief, the following is a breakdown of the disbursements made in this case:[2]

FEES AND EXPENSES (from case inception):

N/A_____FEE for ATTORNEY for DEBTOR[3]

N/A_____OTHER PROFESSIONAL FEES and ALL EXPENSES[4]

---

[1]    The last four digits of Cumulus Media Inc.'s tax identification number are 9663.  Due to the large number of Reorganized Debtors in these Chapter 11 cases, for which the Reorganized Debtors have been granted joint administration, a complete list of the Reorganized Debtors and the last four digits of their federal tax identification numbers is not provided herein.  A complete list of such information may be obtained on the website of the Voting and Claims Agent at http://dm.epiq11.com/cumulus.  The location of the Reorganized Debtors' service address is: 3280 Peachtree Road, N.W., Suite 2200, Atlanta, Georgia 30305.

[2]    This Closing Report has been prepared for the purpose of obtaining a final decree in the Chapter 11 Cases of the Reorganized Debtors identified on **Schedule 1** hereto.  Pursuant to the *Order Pursuant to Fed. R. Bankr. P. 1015(b) Directing Joint Administration of Related Chapter 11 Cases* [ECF No. 40] the Reorganized Debtors are reporting disbursements on an aggregate and consolidated basis in the Chapter 11 Case of the Lead Debtor, *In re Cumulus Media Inc.*, Case No. 17-13381.  The Lead Debtor will file a separate case closing report detailing such disbursements when it moves for entry of a final decree pursuant to section 350 of the Bankruptcy Code.  Capitalized terms used but not defined herein shall have the meanings ascribed to them in the *First Amended Joint Plan of Reorganization of Cumulus Media Inc. and its Debtor Affiliates Pursuant to Chapter 11 of the Bankruptcy Code* (the "Plan") [ECF No. 446] or the Motion that this Exhibit is attached to.

[3]    *See supra* note 2.  Fees and expenses for attorneys for all of the Debtors will be reported when the Lead Case is closed.

[4]    *See supra* note 2.  Fees and expenses for all other estate professionals will be reported when the Lead Case is closed.

N/A_____ TRUSTEE FEE (if applicable)

N/A_____ FEE for ATTORNEY for TRUSTEE (if applicable)

_____

N/A_____ % DIVIDEND PAID/TO BE PAID

☒ FUTURE DIVIDENDS (check if % of future dividend under plan not yet
                                        able to be determined)
_____

☒ INITIAL DISTRIBUTION UNDER THE PLAN COMPLETED[5]

_____ OTHER: (explain)

_____

DATE: New York, New York
          June 25, 2018

                                        CUMULUS MEDIA INC.

                                        By: */s/ Richard Denning*
                                        Name: Richard Denning
                                        Title: Senior Vice President, General
                                                   Counsel, and Secretary

---

[5]    On or about the Effective Date, the Reorganized Debtors made the distributions required under the
        Plan.

**<u>Schedule 1</u>**

**Subsidiary Cases**

| Debtor | Case Number |
|---|---|
| NY Radio Assets, LLC | 17-13379 |
| Westwood One, Inc. | 17-13380 |
| Cumulus Media Holdings Inc. | 17-13382 |
| Cumulus Intermediate Holdings Inc. | 17-13383 |
| Cumulus Broadcasting LLC | 17-13384 |
| Consolidated IP Company LLC | 17-13385 |
| CMP Susquehanna Radio Holdings Corp. | 17-13386 |
| CMP KC Corp. | 17-13387 |
| CMP Susquehanna Corp. | 17-13388 |
| Chicago Radio Assets, LLC | 17-13389 |
| Atlanta Radio, LLC | 17-13390 |
| Chicago FM Radio Assets, LLC | 17-13391 |
| Broadcast Software International | 17-13392 |
| Catalyst Media, Inc. | 17-13393 |
| CMI Receivables Funding LLC | 17-13394 |
| Cumulus Network Holdings Inc. | 17-13395 |
| Cumulus Radio Corporation | 17-13396 |
| DC Radio Assets, LLC | 17-13397 |
| Detroit Radio, LLC | 17-13398 |
| Dial Communications Global Media, LLC | 17-13399 |
| IncentRev-Radio Half Off, LLC | 17-13400 |
| IncentRev LLC | 17-13401 |
| KLIF Broadcasting, Inc. | 17-13402 |
| KLOS-FM Radio Assets, LLC | 17-13403 |
| LA Radio, LLC | 17-13404 |
| Minneapolis Radio Assets, LLC | 17-13405 |
| Radio Assets, LLC | 17-13406 |
| Radio Metroplex, Inc. | 17-13407 |
| Radio Networks, LLC | 17-13408 |
| San Francisco Radio Assets, LLC | 17-13409 |
| Susquehanna Media Co. | 17-13410 |
| Susquehanna Pfaltzgraff Co. | 17-13411 |
| Susquehanna Radio Corp. | 17-13412 |
| WBAP - KSCS Assets, LLC | 17-13413 |
| Westwood One Radio Networks, Inc. | 17-13414 |
| WPLJ Radio, LLC | 17-13415 |